UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARIEN MITCHELL,

    Plaintiff,

    v.                                                                              CAUSE NO. 3:22-CV-438-JD-MGG

CLAY and SMITH,

    Defendants.

## OPINION AND ORDER

Darien Mitchell, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mitchell alleges that on April 16, 2022, he was informed by fellow inmates that he was about to be jumped. Mitchell says that he took the threats seriously and viewed them as threats to his life. When Sgt. Clay came by during count, Mitchell requested protective custody and for a signal to be called. Sgt. Clay dismissed him because he was busy with count. Mitchell then let Sgt. Clay know that the situation was urgent, and he needed protective custody before the doors opened again. He was again dismissed.

Mitchell waited until the floor officer Smith came by for his count. Mitchell again requested protective custody. Officer Smith also said he was busy with count and did not take any action. Mitchell then wrote directly to Warden Hyatte about needing protective custody and turned the letters in that same night, hoping someone would read his requests overnight.

The next morning, however, Mitchell was jumped in his cell when the doors opened for breakfast sometime between 4:30 a.m. to 6:30 a.m. He says three inmates stabbed and beat him for about 5 minutes, and no one responded to his screams. He alleges he was beaten into unconsciousness and now has lost sight in one eye, hearing in one ear, and suffered a split lip in five places and multiple stab wounds.

Mitchell sues Warden Hyatte, Sgt. Clay, and Officer Smith for failing to protect him from the attack. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. Therefore, a failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). "[T]he fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to

2

prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Giving Mitchell the inferences to which he is entitled at this stage of the proceedings, he states a claim against Sgt. Clay and Officer Smith for not taking reasonable measure to protect him from harm.

Mitchell does not, however, state a claim against Warden Hyatte. Warden Hyatte cannot be held liable simply because of his supervisory role at the prison. *Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009). He, too, must have personal knowledge of the details of the impending attack. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). It is unclear on this complaint that Warden Hyatte could have seen the letters Mitchell turned in the night of April 16, 2022, before he was attacked in the early morning hours of April 17.

For these reasons, the court:

(1) GRANTS Darien Mitchell leave to proceed against Sgt. Clay and Officer Smith in their individual capacities for compensatory and punitive damages for failing to take reasonable measures on April 16, 2022, to protect Mitchell from violence in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES William Hyatte;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Clay and Officer Smith at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Clay and Officer Smith to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 27, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

4