UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARIEN MITCHELL,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CLAY,<br><br>　　　　Defendant. | CAUSE NO. 3:22-CV-438-JD-JPK |

OPINION AND ORDER

Darien Mitchell, a prisoner without a lawyer, is proceeding in this case against Sergeant Clay "for compensatory and punitive damages for failing to take reasonable measures on April 16, 2022, to protect Mitchell from violence in violation of the Eighth Amendment[.]" ECF 6 at 3. On July 7, 2023, Sgt. Clay filed a motion for summary judgment, arguing Mitchell did not exhaust his administrative remedies before filing suit. ECF 32. With the motion, Sgt. Clay provided Mitchell the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 35. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over two months ago,

but Mitchell has not responded. Therefore the court will now rule on Sgt. Clay's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh

2

Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Sgt. Clay provides an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF"), who attests to the following facts:[1] During all relevant times, MCF had an Offender Grievance Process in place that was available to Mitchell. ECF 32-1 at 5. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2; ECF 32-2 at 3. Mitchell's grievance records indicate he did not complete any of these steps prior to filing this lawsuit. ECF 32-1 at 6; ECF 32-3. Specifically, Mitchell's grievance records show the grievance office never received any grievance from him complaining that any correctional officer failed to protect him on April 16, 2022. *Id.*

Here, because it is undisputed Mitchell did not submit any grievance related to his claim against Sgt. Clay, and Mitchell provides no evidence his administrative remedies were unavailable, Sgt. Clay has met his burden to show Mitchell did not exhaust his available administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

---

[1] Because Mitchell has not responded to Sgt. Clay's summary judgment motion, the court accepts the Grievance Specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

4

For these reasons, the court:

(1) GRANTS Sgt. Clay's summary judgment motion (ECF 32); and

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Clay and against Darien Mitchell and to close this case.

SO ORDERED on October 27, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT